MARTÍNEZ, PETITIONER, *v.* BRYAN, DISTRICT JUDGE OF
AGUADILLA, ET AL., RESPONDENTS.

PETITION for a Writ of Prohibition against the District
Court of Aguadilla.

### No. 32.—Decided May 26, 1924.

WRIT OF PROHIBITION—JURISDICTION.—In case of an appeal jurisdiction is not permanently lost, but only suspended. Hence, when the appellant abandons his appeal and the appellee stands by and there is nothing to show that he made any point on the temporary divestiture of jurisdiction, and when the matter may be reviewed by appeal at the proper time, a writ of prohibition will not be issued to test the question and the parties will be left to their ordinary remedies, after the execution attempted or to be attempted.

The facts are stated in the opinion.

The petitioner appeared by brief.

The respondents did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Before the District Court of Aguadilla in *Ballester* v. *Martínez,* case No. 4162, the court rendered judgment in favor of Martínez on July 31, 1923. Ballester appealed. Ordinarily such an appeal suspends the jurisdiction of the court below, in accordance with our jurisprudence and as indicated in 3 C. J. 1265. Despite this another judgment arose in the same case against Martínez on the 14th of September, 1923. It would seem that after appeal the district court annulled its judgment of July 31st in favor of Martínez to render one thereafter against him on September 14th. This second judgment was appealed by Martínez, but that appeal was dismissed by this court on the 18th of

January, 1924. All this while the appeal of Ballester was pending in this court. Ballester was not pressing his appeal. Indeed, he abandoned it and could derive no advantage from it. After the court below opened up the judgment it does not appear that Martínez presented any question of jurisdiction. We agree with Martínez that the district court can not acquire jurisdiction by consent, but in case of an appeal jurisdiction is not permanently lost but only suspended. Hence, when the appellant abandons his appeal and the appellee stands by and there is nothing to show that he made any point on the temporary divestiture of jurisdiction and when the matter may be reviewed by appeal at the proper time we are not disposed to issue an extraordinary writ to test the question and shall leave the parties to their ordinary remedies, after the execution attempted or to be attempted in this case.

The solicited writ of prohibition should be denied.

*Petition denied.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.